# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**RUFUS BOUDREAUX, # 207918**                                          **PLAINTIFF**

**VERSUS**                                       **CIVIL ACTION NO. 3:18cv153-CWR-FKB**

**MISSISSIPPI DEPARTMENT OF
CORRECTIONS, CENTURION OF
MISSISSIPPI, DR. WILLIAM BRAZIER,
and DR. L. SUTTON**                                                   **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER DISMISSING MDOC

This case is before the Court *sua sponte* for consideration of dismissal. *Pro se* Plaintiff Rufus Boudreaux is incarcerated with the Mississippi Department of Corrections ("MDOC"), and he brings this action pursuant to 42 U.S.C. § 1983, challenging the conditions of his confinement. The Court has considered and liberally construed the pleadings. As set forth below, Defendant MDOC is dismissed.

### BACKGROUND

Boudreaux is currently housed at the Central Mississippi Correctional Facility. Defendant Doctors William Brazier and L. Sutton are alleged to be doctors at the prison, employed by Defendant Centurion of Mississippi. Centurion is the medical provider for MDOC.

Boudreaux alleges that he was prescribed the wrong gout medication and was not placed on a heart monitor, despite having a heart "stimulator." (Compl. Ex. C [1-3] at 1). The medication allegedly caused his heart stimulator to constantly shock his heart for weeks and to cause his extremities to swell, to the point where they "almost . . . burst." (Compl. Ex. B [1-2] at 3). He claims Centurion approved the medication and the "decision . . . on his heart monitor."

(Resp. at 2). He contends the doctors did not answer his sick call requests for weeks. As a result, Boudreaux maintains he is confined to a wheelchair.

Boudreaux brings this action under § 1983, asserting claims for cruel and unusual punishment and equal protection violations. Besides the above doctors and Centurion, he sues MDOC for compensatory and punitive damages.

**DISCUSSION**

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Boudreaux to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under § 1915.

Among others, he sues MDOC under §1983. Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the

> Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. The State of Mississippi is not amenable to suit under this statute, because "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). This holding likewise applies to "any governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70. MDOC is considered an arm of the State of Mississippi. Miss. Code Ann. § 47-5-1; *Scott v. Miss. Dep't of Corrs.*, No. 2:05cv2159-KS-JMR, 2006 U.S. Dist. LEXIS 43683 at *2 (S.D. Miss. June 12, 2006). Therefore, the claims against MDOC are dismissed with prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, the claims against Defendant Mississippi Department of Corrections should be and are hereby **DISMISSED WITH PREJUDICE** as frivolous. The remainder of this case shall proceed.

**SO ORDERED AND ADJUDGED**, this the 9th day of July, 2018.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE